# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO: 6:18-cv-1209-ORL-31-DCI

IRONWORKERS LOCAL 397 PENSION FUND and IRONWORKERS LOCAL 397 ANNUITY FUND; KEVIN BARBER, H. PRESTON TAYLOR, CONRAD VARNUM, KEITH EDWARDS, WILLIAM MORROW, DONALD GRAHAM, GREGORY "JACK" JARRELL as Trustees of IRONWORKERS LOCAL 397 PENSION FUND and IRONWORKERS LOCAL 397 ANNUITY FUND; IRONWORKERS LOCAL 397 JOINT APPRENTICESHIP TRAINING COMMITTEE; KEVIN BARBER, H. PRESTON TAYLOR, OTIS BASS, CHAD MORROW, LOUIS KINNEY, GREGORY "JACK" JARRELL as Trustees of the IRONWORKERS LOCAL 397 JOINT APPRENTICESHIP TRAINING COMMITTEE; SOUTHEASTERN IRONWORKERS HEALTH CARE PLAN, GREGORY "JACK" JARRELL, JOSEPH CREWS, JIMBO BOYKIN, PRESTON TAYLOR, ALEXANDER BERGEL, PAUL METTE, LESTER HENSLEY, WILLIAM MCMILLIAN, ROBERT DUFFIELD, YOSVANY TORRES, THOMAS GRAFF, nd SEAN MITCHELL, as Trustees of the SOUTHEASTERN IRONWORKERS HEALTH CARE PLAN and LOCAL NO. 397, TAMPA, FLORIDA, OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, AFL-CIO.

    Plaintiffs,

v.

CONCRETE ERECTORS, INC.
a Florida Corporation,

    Defendants.
_____/

## COMPLAINT

## GENERAL ALLEGATIONS

**COME NOW** the Plaintiffs, by and through their undersigned attorney, and file this Complaint against Defendant, CONCRETE ERECTORS, INC. and allege the following:

1. This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended (29 USC §185), hereinafter referred to as the "Act", and §502 and §515 of the Employee Retirement Income Security Act of 1974 (29 USC §1132 and §1145) hereinafter referred to as "ERISA".
2. Plaintiffs are as follows:
   A. The named Pension Fund, Health Fund, Annuity Fund, Health Fund and Joint Apprenticeship Training Committee are Employee Benefit Plans (hereinafter "Funds") which are multi-employer employee benefit plans within the meaning of ERISA.
   B. The named individuals (hereinafter "Trustees") are Trustees and Fiduciaries of the named employee benefit plans.
   C. Local No. 397, Tampa, Florida, of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO, (hereinafter Union) is an unincorporated labor organization.
3. The Defendant is a corporation organized and existing under the laws of the State of Florida.
4. According to the records of the Florida Department of State, Division of Corporations, the Defendant has its principal place at 999 Douglas Avenue, Suite 311, Altamonte Springs, FL 32714 in Seminole County, Florida within this judicial district. The work giving rise to the claim was performed at various locations, within this judicial district.
5. The Defendant is an employer engaged in commerce within the meaning of ERISA.

**COUNT I**

**TRUSTEES AND EMPLOYEE BENEFIT PLANS CLAIM FOR UNPAID CONTRIBUTIONS (CURRENT AND FUTURE), LIQUIDATED DAMAGES, INTEREST, AND ATTORNEY'S FEES UNDER ERISA §502 AND §515**

Plaintiffs Plans and Trustees sue Defendant and allege:

6. Plaintiffs' re-allege and adopt by reference the allegations in paragraphs 1 - 5 hereof.

7. Defendant is bound to a collective bargaining agreement with Ironworkers Local Union 397. Copies of the pertinent parts of that collective bargaining agreement is attached hereto and made part hereof and is designated as Plaintiffs' Exhibit "A".

8. Defendant entered into a collective bargaining agreement with Ironworkers Local Union 397 at least as early as April 11, 2003. See signature page attached as Exhibit "B".

9. At various times in the succeeding 15 years, the Defendant has procured employees through the hiring hall of Ironworkers Local Union 397, abided by the terms of subsequent collective bargaining agreements, including payment of contributions to Plaintiff Funds, has paid wages in accordance with the subsequent collective bargaining agreements, and otherwise adopted subsequent collective bargaining agreements, including Exhibit "A".

9. The Defendant has failed to pay all of the contributions due.

10. The Trustees are entitled to an audit of the books and records of the Defendant to determine that appropriate contributions have been made.

11. Plaintiffs are entitled to liquidated damages, both for the contributions currently unpaid as well as for prior late payments and payments due after filing of suit herein, pursuant to the collectively bargained agreement and/or Trust Agreement and/or ERISA.

**WHEREFORE,** Plaintiffs' Funds and Trustees pray that this Court grant unto them the following relief:

12. That the Defendant be ordered to pay a reasonable attorney's fee for the prosecution and maintenance of this action, costs for bringing this action.

13. That a Final Judgment for damages be entered in favor of the Plaintiffs' Plans and Trustees and against the Defendant by reason of the above for:
    A. Unpaid contributions, both prior to and after filing suit herein
    B. liquidated damages.
    C. Interest.
    D. reasonable attorney's fees.           5.
    E. costs
18. That the Court grant such other relief as it deems just and proper.

## COUNT II
## UNION CLAIM FOR UNPAID DUES CHECKOFF PAYMENTS WITHHELD FROM WAGES OF EMPLOYEES

Plaintiff, Union sues Defendant and allege:

19. Plaintiff, Union realleges and adopts by reference the allegations in paragraphs 1 - 5 and paragraphs 7-9 hereof.
20. This action is based upon §301 of the Labor Management Relations Act of 1947, as amended (29 USC Section 185).for violation of a collective bargaining agreement.
21. The Defendant is obligated to withhold working assessments from the wages of its employees who authorized such withholding and forward the amounts withheld to the Union. (Dues Checkoff) under the terms of under the terms of a collectively bargained agreement. Exhibit "A".
22. Pursuant to the collective bargaining agreement, the Defendant has withheld working assessments (dues check-off payments) from the wages of its employees but has failed and refused to remit such working assessments to the Union in accordance with the collective bargaining agreement(s).
23. Defendant's failure to remit such payments is in violation of the collective bargaining agreement.
24. Plaintiff Union  is entitled to a judgment for the unpaid dues check-off

payments.

**WHEREFORE,** Plaintiff Union prays that this Court grant unto them the following relief:

25. That a Final Judgment for damages be entered in favor of the Plaintiff Union and against the Defendant by reason of the above.

Dated: July 23, 2018

Respectfully submitted,

**VENABLE LAW FIRM, P.A.**

By   S/ W. Eric Venable
　　　W. Eric Venable, Esquire
　　　Trial Attorney for Plaintiffs
　　　Florida Bar: 149593
　　　7402 N. 56th Street, Suite 380
　　　Tampa, Florida  33617
　　　(813) 985-7122 - Telephone
　　　(813) 985-8622 - Facsimile
　　　patrickavenable@yahoo.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Complaint has been furnished to the Secretary of Treasury and the Secretary of Labor in accordance with the Employee Retirement Income Security Act of 1974, by U.S. Mail, Certified Mail/Return Receipt Requested, this 23rd  day of July, 2018.

Respectfully submitted,
**VENABLE LAW FIRM, P.A.**

By   S/ W. Eric Venable
　　　W. Eric Venable, Esquire
　　　Trial Attorney for Plaintiffs
　　　Florida Bar: 149593
　　　7402 N. 56th Street, Suite 380
　　　Tampa, Florida  33617
　　　(813) 985-7122 - Telephone
　　　(813) 985-8622 - Facsimile
　　　Wericvenablepa@tampabay.rr.com